UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ralph Wayne Angle, | ) | CASE NO. 4:15 CV 1291 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

**INTRODUCTION**

*Pro se* Petitioner Ralph Wayne Angle filed the above-captioned Emergency Petition for

a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner is incarcerated in FCI Elkton,

serving a 300 month sentence from his 1998 conviction in the Northern District of Indiana on

charges of attempted receipt of child pornography, possession of child pornography, and

attempted solicitation of a minor using the internet and telephone to engage in sexually

prohibited activity.  In his Petition, he claims that in 1998 and in 2003 he was sentenced to

terms of imprisonment beyond the statutory limits in place at the time of his conviction.  He

demands immediate and unconditional release from custody.

**BACKGROUND**

Petitioner engaged in sexually explicit conversations through the internet with an

individual he believed to be a thirteen-year old boy named Jeff.  The boy was actually an adult

male, Ted Gross, a Colorado resident who created the thirteen-year old boy persona after

viewing his children's internet activities.   Gross reported Petitioner to the FBI when Petitioner began engaging in online sexual chats and messaging with "Jeff."  During these conversations, Petitioner engaged in grooming activities, offered to buy "Jeff" a camera so he could take pictures of himself, and attempted to solicit his address under the guise of sending him a birthday present.  He told "Jeff" he loved him and would come to visit him in Colorado if he had his address.

Following a four day bench trial, Petitioner was convicted of three offenses: attempted receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); possession of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and attempted solicitation of a minor, using the internet and telephone, to engage in sexually prohibited activity, in violation of 18 U.S.C. § 2422(b).  He was sentenced to 325 months incarceration.  He appealed his conviction and sentence on grounds other than those asserted in this Petition.  The Seventh Circuit affirmed his conviction but vacated his sentence in 2003.  The District Court resentenced Petitioner to 300 months.

Petitioner filed a Motion to Vacate his Conviction under 28 U.S.C. § 2255 on May 16, 2011.  Two weeks later, he filed a supplement to his Motion to assert his actual innocence in light of the Seventh Circuit's decision in *United States v. Taylor*, 640 F.3d 255, 256-57 (7th Cir. 2011), which held that § 2422(b) only applies to defendants who engage or who intend to engage in interpersonal physical contact with children.  *Id*. at 259-60.  Petitioner argued that his sexual chats, alone, no longer qualified as sexual activity under § 2422(b).  The District Court for the Northern District of Indiana disagreed, finding in part, that Petitioner was convicted of attempting to violate § 2422(b) and took a substantial step toward committing the offense by

-2-

repeatedly trying to get the victim's address, even offering to send money or gifts to get it, and indicating he would come to Colorado to meet with the victim.  His Motion to Vacate under §2255 was denied on November 22, 2013.  He appealed that decision to the United States Seventh Circuit Court of Appeals, the same court that issued the *Taylor* decision.  The Appellate Court denied his request for a certificate of appealability and dismissed his appeal.  The Supreme Court of the United States denied his Petition for a Writ of Certiorari on October 20, 2014.

**HABEAS PETITIONS**

Petitioner filed his first Petition for a Writ of Habeas Corpus in this District Court under 28 U.S.C. § 2241 asserting he was entitled to relief under *Taylor*.  That case, No. 4:14 CV 2502, was assigned to United States District Judge James G. Carr.  On June 11, 2015, Judge Carr denied the Petition and dismissed the action, stating Petitioner could not raise that claim in a § 2241 Petition because he had previously raised it in his timely direct appeal and in a Motion to Vacate under 28 U.S.C. § 2255.  He did not have a remedy under § 2241 simply because his attempts to obtain relief under §2255 for his claim were unsuccessful.

Before Judge Carr issued his decision on that Petition, Petitioner filed an "Emergency Petition" under § 2241 in that same case, No. 4:14 CV 2502, asserting an entirely new legal theory for his release from prison.  In that Emergency Petition, he claimed that in 1998, he was sentenced to terms of imprisonment beyond the statutory limits in place at the time of his conviction.  He argued that he had just noticed that the United States District Court for the Northern District of Indiana misread the statutes under which he was convicted, and exceeded the statutory maximum when it sentenced him in 1998 and in 2003.  He once again demanded

-3-

immediate and unconditional release from custody.

Judge Carr addressed the Emergency Petition, stating his new claim was clearly a challenge to his sentence and could only be brought in a § 2255 Motion to Vacate unless it fit within the safety valve provision of § 2255.  Judge Carr held that the safety valve provision did not apply because he could and should have raised this claim on direct appeal or in his § 2255 Motion to Vacate.  Petitioner was not entitled to litigate this claim under § 2241 simply because he did not think to assert it until now.  *See Angle v. United States*, No. 4:14 CV 2502 (N.D. Ohio June 11, 2015)(ECF No. 11).

Ten days after filing his Emergency Petition in the case pending before Judge Carr, Petitioner filed the within Emergency Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241.  He once again claims the United States District Court for the Northern District of Indiana misread the statutes under which he was convicted, and exceeded the statutory maximum when it sentenced him in 1998 and in 2003.

## **STANDARD OF REVIEW**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).  Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, this Court may dismiss the Petition at any

-4-

time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Moreover, Petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).  Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255.  *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).  The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under §2255 for those claims was unsuccessful.

Section 2255 does contain a "safety valve" provision which permits a federal prisoner challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241,  if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention."  *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997).  The remedy under § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.  *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(per curiam).  The § 2255 remedy is not considered inadequate or ineffective, moreover, simply because § 2255 relief has already been denied, because the

-5-

Petitioner is procedurally barred from pursuing relief under § 2255, or because the Petitioner has been denied permission to file a second or successive § 2255 Motion to Vacate.  *Id.*

To fall within any arguable construction of the safety valve provision, a Petitioner must show that an intervening change in the law establishes his actual innocence.  *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001).  A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid.  Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime.  *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462.  Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency."  *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  In other words, Petitioner must point to a new decision holding that the substantive criminal statute under which he was convicted no longer reaches the conduct in which Petitioner engaged.  *Bousely*, 523 U.S. at 620 (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).  *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

## **ANALYSIS**

As an initial matter, Judge Carr already ruled on the merits of this claim.  The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment.  *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990).  It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action.  *Id.*  The purpose of this

doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. The doctrine of *res judicata* bars litigation of this claim for a second time.

Furthermore, the reasons given by Judge Carr for dismissing this claim are still applicable. Petitioner is clearly challenging the imposition of his sentence. He, therefore, cannot assert these claims in a § 2241 Petition unless he demonstrates that the "safety valve" provision of 28 U.S.C. § 2255 is applicable to his case. He successfully challenged his sentence on other grounds on direct appeal and got his sentence reduced from 325 months to 300 months. He filed a § 2255 Motion to Vacate but did not raise this claim. The information supporting this claim is not new, and has been available to Petitioner since 1998. There is no reason why he could not have asserted this claim either on direct appeal or in his § 2255 Motion to Vacate. Petitioner is not entitled to litigate this claim under § 2241 simply because he did not think to assert it until now.

### V. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/24/15